# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| **HERBERT J. SCULLY, JR.** | **CIVIL ACTION NO. 09-0893** |
| LA. DOC #331077 | |
| VS. | **SECTION P** |
| | **CHIEF JUDGE JAMES** |
| **KEVIN WYLES, ET AL.** | **MAGISTRATE JUDGE HAYES** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Herbert J. Scully, Jr., filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on May 28, 2009. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the Madison Parish Detention Center, Tallulah, Louisiana. Plaintiff sues LDOC Parole Officer Kevin Wyles, Caldwell Parish Deputy Sheriff McKeithen, Monty Adams, the President and Chief Executive Officer of the Caldwell Bank and Trust Co., and plaintiff's former fiancé, Sally Mizell, seeking declaratory judgment, compensatory and punitive damages, and the reinstatement of his parole.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE AS FRIVOLOUS.**

### *Background*

In June 2008 plaintiff was a parolee under the supervision of the LDOC. On June 1, 2008, he informed Ms. Mizell, his fiancé, that he was not ready for marriage. On June 5, 2008, Ms. Mizell returned to the home in which she and plaintiff resided, accompanied by Deputy

McKeithen and Parole Officer Wyles. According to plaintiff, "... Mizell deceived Deputy McKeithen and Kevin Wyles with lies about her being the owner of plaintiff's home, Ford Expedition (2000), Toyota 4-Runner (1997), and property/contents..."

Based on those assertions, plaintiff was hand-cuffed by Kevin Wyles and then ordered to leave the premises. McKeithen refused to intervene and failed to investigate the allegations of Ms. Mizell. After 30 minutes, the restraints were removed and plaintiff abandoned his property and left Caldwell Parish under threat of arrest. He was not allowed access to his home where he had documents that could prove his ownership of the dwelling and motor vehicles. Plaintiff left the premises in a motor home but he had little gas and no cash or food because Mizell had closed his bank account, cancelled his automobile insurance, and stolen his pay check.

Plaintiff claims that on June 15, 2008, Mizell verbally agreed to rent the home from plaintiff. However, she subsequently discussed the matter with Adams who, according to plaintiff, advised Mizell "... not to pay her rent/house note and in about 3 months he would foreclose on plaintiff or shown his loan paid out in full if he signed papers to allow the bank to sell home..." Mizell then ceased payments. Three months later plaintiff signed papers to allow the bank to sell the house in order to prevent foreclosure. Despite a promise to the contrary, the bank sold the house to Mizell.

According to plaintiff everything he owned was stolen from him. As a result he was forced to "... beg, borrow, and steal..." which resulted in his current incarceration.

*Law and Analysis*

### 1. Screening – 28 U.S.C. §1915A

Plaintiff has paid the full filing fee and is not proceeding *in forma pauperis*. Nevertheless,

when a prisoner files a complaint in a civil action seeking redress from a governmental entity or officer or employee of a governmental entity, the district court is obliged to review the complaint as soon as is feasible and to dismiss the case if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C.A. § 1915A (stating that when a prisoner seeks redress from a governmental entity or one of its employees, the court shall review the complaint as soon as practicable and dismiss it if the court finds the complaint frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief ); 42 U.S.C.A. § 1997e(c) (providing that a district court shall on its own motion or the motion of any party dismiss a complaint by a prisoner regarding prison conditions if the court is satisfied the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). The screening provision of 28 U.S.C. § 1915A "applies regardless of whether the plaintiff has paid a filing fee or is proceeding *in forma pauperis*." *Ruiz v. United States*, 160 F.3d 273, 274-75 (5th Cir.1998).

A claim is frivolous if it has no arguable basis in law or fact. *Nietzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998) (quotation omitted). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.1998).

Civil Rights plaintiffs must support their claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995).

*2. State Actors*

Plaintiff sues his ex-fiancé, Sally Mizell and Monty Adams, the President of the Caldwell Bank. In his original complaint, plaintiff conceded that Ms. Mizell did not act under color of state law with regard to the allegations of fault set forth in the complaint. He thereafter suggested that Mr. Adams acted under color of state law, but, other than the conclusory allegation, plaintiff alleged no facts to support that assertion.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).[1] The "under-color-of-state-law" element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer,* 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948), cited in *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999).

Read liberally, plaintiff implies he was deprived of liberty and property in violation of his right to due process as guaranteed by the Constitution of the United States. Nevertheless, plaintiff

---

[1] Section 1983 provides in pertinent part, "Every person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...." 42 U.S.C. § 1983.

4

has not shown that the defendants Mizell and Adams violated the Constitution since due process protects individuals only from <u>government</u> and not from <u>private</u> action. *Lugar v. Edmondson Oil Co., Inc.* 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982).

On the other hand, and to the extent that plaintiff implies private misuse of state process, he does not thereby describe conduct that can be fairly attributed to the State and therefore, his claim against the defendants Mizell and Adams must fail since these defendants cannot be described as a "state actor." *Lugar v. Edmondson Oil Co., Inc.* 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982).

*3. False Arrest*

Defendants McKeithen, a deputy sheriff, and Wyles, a Louisiana Parole Officer, were clearly "state actors" and it must be assumed that both acted under color of state law with respect to the events of June 5, 2008.

Plaintiff asserts that he was falsely arrested by these two state actors who relied upon false information from defendant Mizell in effecting his arrest. These allegations of false arrest are properly analyzed under cases interpreting the Fourth Amendment. See *Blackwell v. Barton*, 34 F.3d 298, 302 (5th Cir.1994). "To ultimately prevail on his section 1983 false arrest/false imprisonment claim, [plaintiff] must show that [Defendants] <u>did not have probable cause to arrest him</u>." *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir.Tex.2004). Probable cause exists if there was "reasonably trustworthy information ... sufficient to warrant a prudent man in believing that [the arrestee] had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964).

At the time of plaintiff's arrest, the arresting officers had conflicting information

regarding whether plaintiff was lawfully residing in the home on Boardwalk Avenue in Clarks, Louisiana, and therefore whether his continued presence there was lawful. There was also conflicting information regarding whether plaintiff owned or possessed various motor vehicles that were present at that address. Plaintiff offered legitimate reasons to establish his ownership of the property in question, but Ms. Mizell offered equally plausible evidence to establish her claims. The ultimate question is not whether the allegations of Ms. Mizell were defensible, but whether the arresting officers had "probable cause." See *Baker v. McCollan*, 443 U.S. 137, 145, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979) ("The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted – indeed, for every suspect released."); see also *Barfield v.* State, 05-2218, 2008 WL 516559 (W.D.La. Feb. 25, 2008) (holding that conflicting evidence did not negate probable cause to arrest).

To the extent that plaintiff implies that the defendants denied him property or liberty without due process, his claim fares no better. False imprisonment is cognizable under the Fourteenth Amendment due process clause but, as with the Fourth Amendment, in order to state an actionable claim, the plaintiff must demonstrate that the defendants lacked probable cause to detain him. See *Thomas v. Kippermann*, 846 F.2d 1009, 1011 (5th Cir.1988).

Finally, it must be noted that the plaintiff's arrest and imprisonment were *de minimis* restraints on his liberty. By his own admission, plaintiff was restrained for a period of only 30 minutes after which he was released upon his agreement to leave the premises. Instead of seeking legal recourse, plaintiff used these unfortunate circumstances to justify subsequent violations of the law which ultimately resulted in the revocation of his parole and his present

incarceration.

*4. Reinstatement of Parole*

In addition to monetary damages, plaintiff seeks reinstatement of his parole status. When a litigant contests the fact of his incarceration and seeks his immediate release from custody such claims must be asserted in an application for writ of *habeas corpus* filed pursuant to 28 U.S.C. §2241 or §2254. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir.1983) . Plaintiff may not obtain his release from custody via a civil rights action filed pursuant to §1983.

Further, to the extent that plaintiff may at some point attempt to seek *habeas* relief based upon the unlawful revocation of his parole, or any other reason, he is cautioned that exhaustion of available state court remedies is a prerequisite to asserting such claims. See 28 U.S.C. §2254.

*5. Conclusion and Recommendation*

Plaintiff's claims against defendants Mizell and Adams are clearly frivolous since neither defendant could be characterized as a "state actor" acting "under color of state law." Plaintiff's claims against Dy. McKeithen and Parole Officer Wyles are also subject to dismissal because plaintiff's allegations, accepted as true for the purposes of this report, fail to establish that plaintiff's arrest was without probable cause.

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief might be granted in accordance with the provisions of 28 U.S.C. §1915A.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and

recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, September 21, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE